Green, J.
delivered the opinion of the court.
This is au action for a forcible detainer of the premises in question. The facts are shortly as follows: John Bowser, *24 the defendant in error, owned the land in controversy, and leased it to one Blythe, who leased the same to George Bowser. After the lease expired, George Bowser continued in possession by the tacit permission of John Bowser. In July, 1843, the land was sold by virtue of executions against John Bowser, and the purchaser received a deed from the sheriff, and has since conveyed the same land to one Bachman, to whom George Bowser has attorned as his tenant, and has taken a lease from said Bachman. In February, 1846, this action, for a forcible detainer, was brought by John Bowser against George Bowser.
Upon these facts, his honor, the judge of the circuit court, told the jury, “that although the levy and sale of the land in 1843, and the execution of the sheriff’s deed toBuckelew & Wells, and their deed to Bachman, and the proceedings on which they were founded, read and relied on by the defendant’s counsel, might have the effect in law, to divest the legal title of said land out of the plaintiff, and to vest it in the purchasers at said execution sale, or in their vendee; yet the legal'right of possession of said land still remained in the plaintiff, unchanged by said sale and proceedings; and upon the facts of this case, the plaintiff would be entitled to institute and maintain this suit for an unlawful detainer, against the defendant for holding over the possession of said land, if the defendant had originally entered and held said land as the tenant of the plaintiff; that the defendant could not, in this case, resist or defeat the recovery of his landlord, the plaintiff, if such relation had existed between them previously.”
The jury found for the plaintiff, and the court having refused a new trial, the defendant appealed to this court.
The only question in this case is, whether the tenant of a party, whose title is extinguished, still remains tenant and *25 owes allegiance to such party after the extinguishment of his title.
It is a well settled rule, that the tenant is estopped to deny the title of his landlord. And this rule is not merely technical, but it is founded in public convenience and sound policy. And the person once a tenant, will prima fade be deemed to continue in that character, so long as he remains in possession of the land demised. Yet it is always competent for such person to show that the relation has been dissolved, and this being done, he will be permitted to controvert the title under which he formerly held. Camp vs. Camp et al., 5 Conn. Rep. 291: In 2 Greenleaf’s Ev. 253, it is laid down, that “the tenant may always show that his landlord’s title has expired, or that he has sold his interest in the premises, or that it is alienated from him by judgment and operation of law.” And it is held in the case of Jones vs. Clark, (20 John. Rep. 51,) that a tenant of a mortgagor in possession after the mortgage has been forfeited, during the continuance of the lease from the mortgagor, may attorn to the mortgagee and take a lease from him. And in an action by the mortgagor for rent, under the lease, the tenant may set up the attornment as a legal defence.
These principles, so well established, are decisive of this case; for the only question is, whether, when the title passes from the landlord, either by his own act or by operation of law, the tenant may attorn to the new owner. And unquestionably he may do so. And the relation between himself and his former landlord is thereby dissolved.
His honor seems to have thought that the form of this action would preclude the application of the principle above stated; because in it the only question is, as. to the right of possession, the title not being involved in the controversy. But this case makes no difference. If the relation of landlord *26 and tenant had ceased, it was competent for the defendant to show that fact, no matter what the form of action in which he was sued.
The ground of recovery here is, that the defendant is estop-ped from denying his landlord’s right of possession; but if he can show that the plaintiff is no longer landlord; that his relation as tenant has ceased; the estoppel no longer exists. Why may he not show this fact to avoid the estoppel as well in the action of forcible detainer, as jn ejectment? There can be no reason against it. He does not thereby bring the title into question, but he only shows a fact connected with the title, by which his relation as tenant has ceased, and he is relieved from the estoppel.
We think there is error in this record, and therefore reverse the judgment, and remand the cause for another trial.